UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MIGUEL HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a foreign corporation, and AETNA LIFE INSURANCE COMPANY, a foreign corporation,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR LONG TERM DISABILITY BENEFITS, EQUITABLE RELIEF, AND DECLARATORY JUDGMENT** |

COMES NOW THE PLAINTIFF, Miguel Hernandez, and alleges as follows:

### I.　NATURE OF ACTION

1.1　This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, and specifically under 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3).

1.2　Mr. Hernandez brings this action for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing his rights under the plan, and clarifying his rights to future benefits under the plan. He seeks relief, including but not limited to, a declaration of his right to disability benefits, equitable relief to remedy Defendants' failure to comply with ERISA, interest, and attorneys' fees and costs.

## II. JURISDICTION AND VENUE

2.1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1).

2.2. Mr. Hernandez is a resident of Seattle, King County, Washington. Venue is proper pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

## III. PARTIES

3.1. Plaintiff Miguel Hernandez was an employee of the Boeing Corporation, and a "participant," within the meaning of 29 U.S.C. § 1002(7), in the ERISA-governed The Boeing Company Welfare Plan ("the Plan").

3.2. Defendants Hartford Life and Accident Insurance Company and Aetna Life Insurance Company are corporations located in the State of Connecticut and the State of Kentucky, respectively, and they are authorized to conduct business in Washington State.

3.3. Upon information and belief, Defendant Hartford Life and Accident Insurance Company purchased certain Aetna Life Insurance Company disability insurance contracts and agreed to reinsure one hundred percent of the liabilities arising under the terms of those contracts, including the long-term disability policy at issue in this matter. Aetna also appointed Hartford as its lawful attorney-in-fact to administer the claims arising under the reinsured policies, including the Aetna policy at issue in this matter. All further references to Hartford and/or Aetna will be collectively referred to as "Defendants" or Defendant Hartford as all claims handling occurred on its letterhead.

3.4. At all relevant times, Defendant Hartford was a fiduciary of the Plan within the meaning of ERISA §3(21), 29 U.S.C.§1002(21), in that Hartford acted as a claim fiduciary for the long-term disability ('LTD") policy at issue, and it exercised authority and control over the

COMPLAINT FOR LONG TERM DISABILITY BENEFITS – 2

AARON ENGLE LAW, PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington 98125
T: 206.623.7520  F: 206.622.7068

payment of disability benefits. Hartford is also the "appropriate named fiduciary" of the LTD policy as described in 29 C.F.R. §2560.503-1(h)(1).

### IV.  FACTUAL ALLEGATIONS

4.1. Among other benefits, the Boeing Plan provides LTD benefits to Boeing employees who are participants in the Plan.

4.2. Defendants issued a group LTD insurance policy to Boeing and/or the Plan, which provides LTD benefits for the Plan members.

4.3. Defendants are "administrators," within the meaning of 29 U.S.C. § 1002(16), of those portions of the Plan that concern LTD benefits.

4.4. Defendants exercise authority or control respecting the management or disposition of the Plan assets and are therefore a "fiduciary" of the Plan as that term is defined by 29 U.S.C. § 1002(21); and/or are a "named fiduciary" of the Plan pursuant to 29 U.S.C. § 1133(2) and/or are considered a "designated fiduciary" of the Plan pursuant to 29 U.S.C. § 1105(c)(1)(B).

4.5. Defendant Hartford is presently the claims fiduciary with respect to that portion of the Plan which concerns LTD benefits.

4.6. Hartford provides administrative services to the Plan, including evaluation of LTD claims made under the LTD policy offered as part of the Plan.

4.7. Hartford purports to have authority to make determinations regarding Plan participants' eligibility for, and entitlement to, LTD benefits.

4.8. The policy pays LTD benefits if a Plan participant is "disabled" within the meaning of the policy.

4.9. The Plaintiff, Miguel Hernandez, was employed full time as a Systems Engineer

by Boeing, until approximately March 2021.

4.10. Mr. Hernandez was an "employee," within the meaning of 29 U.S.C. § 1002(6), of Boeing.

4.11. Mr. Hernandez is a "participant," within the meaning of 29 U.S.C. § 1002(7), of the Plan.

4.12. Mr. Hernandez is a "beneficiary," within the meaning of 29 U.S.C. § 1002(8), of the Plan.

4.13. Due to Plaintiff's employment, he became eligible to receive LTD coverage, and premiums were paid to Defendants in consideration for coverage.

4.14. Plaintiff became afflicted with a disabling medical condition, while he was employed by Boeing.

4.15. Plaintiff has been diagnosed with Long COVID, with associated cognitive problems, fatigue, and other medical problems.

4.16. Plaintiff's conditions are physical and/or organic disabling diseases.

4.17. Plaintiff's medical condition makes him unable to work.

4.18. Plaintiff last worked on March 30, 2021.

4.19. Plaintiff applied for short-term disability ("STD") benefits from Boeing.

4.20. The STD plan administrator and Boeing determined that Plaintiff's medical conditions prevented him from performing his "own occupation" and approved STD benefits through the maximum period.

4.21. The definition of disability for STD benefits is the same as the definition of disability under the first two years of the Hartford LTD policy.

4.22. Plaintiff properly completed the application process for LTD benefits with

1   Defendant Hartford, and it initiated a claims review.

2         4.23.   Plaintiff is eligible to receive LTD benefits until his medical conditions improve
3   or his claim reaches the maximum benefit period.

4         4.24.   Plaintiff's LTD benefits should have commenced on September 28, 2011, after
5   the expiration of STD benefits and the 182-day elimination period under the LTD policy.

6         4.25.   However, by letter, dated November 22, 2021, Hartford denied Plaintiff's claim
7   for LTD benefits.

8         4.26.   Hartford relied upon a record review by Tyler Thornton, RN, and it also hired
9   an out of state, record reviewer named Elena Antonelli, M.D. to deny the claim.

10         4.27.   Hartford never examined Plaintiff.

11         4.28.   Hartford never spoke with Plaintiff's physicians.

12         4.29.   Allegedly, Hartford's RN sent one of Plaintiff's providers, Lewis ARNP, the
13   Antonelli record review confusingly asking if Lewis agreed with the record reviewer's finding
14   that there was no "objective evidence" of Plaintiff's fatigue, that Plaintiff could work, but also
15   noting that his cognitive and mental health had not yet been evaluated. It is unclear what Lewis
16   ARNP was being asked to agree with on the form.

17         4.30.   That same provider, Lewis ARNP, filled out additional paperwork supporting
18   Plaintiff's continued disability claim and leave of absence on February 9, 2022.

19         4.31.   Plaintiff's physicians continued to send supportive documentation of the claim
20   including a Neuropsychological examination, on March 4, 2022, that found cognitive
21   limitations, executive functioning difficulties, and other restrictions and limitations.

22         4.32.   By letter, dated April 6, 2022, Defendant Hartford upheld the denial of
23   Plaintiff's claim.

4.33. Plaintiff appealed the denial of LTD benefits and submitted supportive medical documentation, lay witness testimony, physician testimony, forensic testing, and a vocational review in support of his disability claim.

4.34. Defendant Hartford assigned an appeal adjuster, Douglas Burdick, to review Plaintiff's appeal.

4.35. Hartford once again retained out of state record reviewers to dispute the findings of Plaintiff's treating physicians and local forensic examiners.

4.36. Hartford purchased reviews from two well-known ERISA claim record reviewers named Edan Critchfield, Psy.D., ABPP and Mark Reecer, M.D.

4.37. These record reviewers disagreed with Plaintiff's treating physicians, ignored Plaintiff's subjective reporting, and disregarded the objective evidence to support Hartford's continued denial of the claim.

4.38. Hartford denied Plaintiff's appeal on April 26, 2023.

4.39. Plaintiff has exhausted his administrative remedies under ERISA.

4.40. Defendant Hartford conducts its claim review process in a manner that results in the denial of valid claims.

4.41. Plaintiff presented Hartford with objective medical proof of his disability, supported by his treating, and examining physicians, and Defendants chose to ignore this evidence.

4.42. Plaintiff has sustained economic damages because of Hartford's actions denying his claim.

4.43. Defendants have failed to establish administrative processes and safeguards (as those terms are used in 29 C.F.R. § 2560.503-1) to ensure and verify appropriately consistent

decision making.

4.44. Defendants have failed to train and/or supervise their employees and/or have failed to ensure that their employees managing claims and appeals, are aware of, or follow, administrative processes and safeguards intended to ensure and verify appropriate and consistent decisions.

4.45. Defendant Hartford was both the decision-maker with respect to Plaintiff's claim for long-term disability benefits, and the entity that would pay those benefits.

4.46. Because Defendant Hartford was both the decision-maker and the payor with respect to Plaintiff's claim for benefits, it had a conflict of interest.

4.47. The conflict of interest impacted its management of Plaintiff's claim for benefits and was a reason for the denial of his benefits.

4.48. On information and belief, Defendant Hartford deliberately denies claims it knows to be meritorious to delay making payment to those participants and to avoid exposure under the LTD policy issued to Boeing employees.

4.49. By repeatedly and consistently delaying payment on valid claims, and by repeatedly and consistently denying valid claims, Hartford can earn additional money from investments on the money withheld.

4.50. Because of the volume of disability claims that they manage and pay – Hartford can earn substantial money by denying and delaying payment on claims that it knows to be valid and meritorious.

4.51. One of the means Hartford uses to delay payment on claims is to frequently hire the same biased reviewers who ignore supportive evidence of disability.

4.52. Defendants have consistently, systematically, and deliberately failed to establish

and/or follow and/or maintain reasonable claims procedures as required by ERISA.

4.53. Defendants violate ERISA in the manner described above, and as described below to increase profits at the expense of the people they insure.

## V.  STATEMENT OF CLAIMS

**Claims Pursuant to 29 U.S.C. § 1132(a)(1)(B)**:

5.1. Plaintiff re-alleges and incorporates by reference Paragraphs 4.1 through and including 4.53 above.

5.2. Under the terms of the LTD policy, Plaintiff has been and remains continuously disabled within the meaning of the Plan and eligible and entitled to receive benefits starting September 28, 2021.

5.3. By denying that Plaintiff was disabled under the terms of the policy, and by refusing to pay Plaintiff benefits, Defendants violated the terms of the policy and denied Plaintiff his rights under the Boeing Plan.

5.4. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks to recover the long-term disability benefits due him under the policy, to enforce his rights under the policy and to clarify his rights to future benefits under the policies.

5.5. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks a Declaration from this Court, as described below, that he is entitled to long-term disability benefits under the policy, and an Order from this Court directing Defendants to pay him those benefits in accordance with the policy terms.

5.6. Pursuant to WAC 284-96-012, *Murray v. Anderson Bjornstad Kane Jacobs, Inc.*, 2011 WL 617384 (W.D. Wash. 2011), *Landree v. Hartford Ins. Co. of America*, 2011 WL 2414429 (W.D. Wash. 2011), and *Treves v. Union Sec. Ins. Co., LLC*, 2014 WL 325149 (W.D.

Wash. 2014), Hartford's denial of Plaintiff's claim for long-term disability benefits is subject to *de novo* review by this Court.

**Claims Pursuant to 29 U.S.C. § 1132(a)(3)**:

5.7. At all material times herein, Hartford was a fiduciary of the Plan with respect to the LTD policy, disposition of Plan and policy assets, and administration of the Plan and the policies.

5.8. Plaintiff asserts a breach of fiduciary duty against Hartford as an individual participant and on behalf of all other participants and beneficiaries of the Plan and the policies.

5.9. Plaintiff asserts that his claim for benefits due under the policy does not provide him with an adequate remedy at law considering Hartford's continuing course of conduct in violating the terms of the Plan, the policy, and applicable law as described herein.

5.10. Hartford was obliged to discharge its duties solely in the interests of beneficiaries and participants for the exclusive purpose of providing beneficiaries and participants with all benefits due, defraying reasonable expenses of the Plan and the policies, and to do so using all prudent skill and diligence in accordance with the documents and instruments governing the Plan including the LTD and Life policies.

5.11. At all times material herein, Hartford violated these duties by, among other acts and omissions:

   A. Consciously, unreasonably and intentionally and without justification denying Plaintiff's claims and appeals, thereby compelling Plaintiff to file suit;
   B. Consciously and unreasonably failing to investigate all bases upon which to pay and honor Plaintiff's claims, and related claims and/or similar claims for benefits, fairly and in good faith and refusing to give Plaintiff's interests or the interests of the Plan at least as much consideration as it gave its own;
   C. Consciously and unreasonably failing to adopt and implement reasonable or proper standards applicable to the prompt and fair investigation,

processing and adjudication of Plaintiff's appeal, and related appeals and/or similar appeals, under the Plan;

D. Consciously and unreasonably engaging in a selective review of the evidence presented in an effort to minimize the evidence supporting the continuation of benefits while focusing exclusively on evidence supporting the termination or denial of benefits;

E. Consciously, unreasonably and intentionally and without justification utilizing biased medical reviewers;

F. Consciously, unreasonably and intentionally conducting biased and incomplete vocational reviews;

G. Consciously and unreasonably failing to establish administrative processes and safeguards (as those terms are used in 29 C.F.R. § 2560.503-1) to ensure and verify appropriately consistent decision making; and

H. Consciously and unreasonably failing to train and/or supervise its employees, to ensure that they are aware of, and follow, administrative processes and safeguards intended to ensure and verify appropriate and consistent decision making.

5.12. Plaintiff hereby requests a judgment permanently enjoining Hartford to establish administrative processes and safeguards (as those terms are used in 29 C.F.R. § 2560.503-1) to ensure and verify appropriately consistent decision making; and enjoining Hartford to train and/or supervise its employees to ensure that they are aware of, and follow, administrative processes and safeguards intended to ensure and verify appropriate and consistent decision making.

5.13. Plaintiff asserts a breach of fiduciary duty against the Defendants as an individual participant and on behalf of all other participants and beneficiaries of the Plan and the LTD policy.

5.14. Plaintiff asserts that his claim for benefits due under the Plan and policy does not provide him with an adequate remedy at law considering Defendants' continuing course of conduct in violating the terms of the Plan and applicable law as described herein.

5.15. The Defendants have failed to establish and maintain a procedure or procedures by which claimants seeking benefits shall have a full and fair review of their claims and

adverse benefit determinations and is thus in violation of its duties under ERISA.

5.16. Proof of this is Hartford's reliance on well known, out of state record reviewing physicians who ignore the testimony of local treating physicians.

5.17. Further proof is that Hartford and its reviewers ignore the lay witness testimony and forensic testing contained in the record.

5.18. Additional proof is Hartford's practice of focusing only on evidence that supports its stance, while ignoring evidence that contradicts it.

5.19. Hartford also denies claims by stating that "no objective" evidence exists for fatigue-based disabilities, contrary to Ninth Circuit law, and then ignores forensic testing giving evidence of said fatigue.

5.20. No one from Hartford never actually met, examined, or tested Plaintiff, yet it disbelieves all his subjective reporting.

5.21. As such, contrary to governing Department of Labor regulations, Hartford has failed to establish and maintain a procedure or procedures by which claimants seeking benefits shall have a full and fair review of their claims and full and fair review of adverse benefit determinations and is thus in violation of its duties under ERISA.

## VI.   PRAYER FOR RELIEF

Plaintiff prays for entry of judgment as follows:

6.1. That this Court declare that Plaintiff was continuously disabled within the meaning of the Plan and the LTD policy and eligible and entitled to receive benefits from the date of denial through the time of trial;

6.2. That this Court declare that Defendants, by denying Plaintiff disability benefits and refusing to pay Plaintiff disability benefits, violated the terms of the Plan and LTD policy

and denied Plaintiff his rights under the Plan and the LTD policy;

6.3. That this Court order Defendants to pay Plaintiff the long-term disability benefits he was entitled to receive, through the time of trial, with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

6.4. That this Court provide any other appropriate equitable relief to address Defendants' violations of ERISA and to ensure Defendants provide full and fair review of claims for benefits and full and fair review of appeals from adverse benefit determinations.

6.5. That this Court remand Plaintiff's claim and order Defendants to continue to pay Plaintiff long-term disability benefits so long as he remains disabled under the terms of the insurance policy.

6.6. That this Court order Defendants to pay Plaintiff his attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

6.7. That Plaintiff be awarded any additional and further relief which this Court finds just and equitable.

6.8. In the alternative, if the Court determines that additional review should be conducted by Defendant Hartford that Plaintiff's claims be remanded for further review, and he be awarded attorneys' fees and costs for remand.

DATED this 15th day of May, 2023.

AARON ENGLE LAW, PLLC

/s/ Aaron I. Engle
Aaron I. Engle, WSBA #37955
12055 15th Avenue NE, Suite 100
Seattle, WA 98125
T: 206.623.7520  F: 206.622.7068
Aaron@aaronenglelaw.com
Attorney for Plaintiff